IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Ronald Newman, | * | |
| Plaintiff | * | |
| v. | * | CASE #: 1:07-cv-00492-RWR |
| | * | |
| Borders, Inc., et al., | * | |
| Defendants | * | |
| | * | |
| *     *     * | *     * | *     * |

### Defendants' Motion to Dismiss Plaintiff's Complaint

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Borders, Inc. and Borders Group, Inc. (hereinafter "Borders" or "Defendants") move to dismiss the Complaint of Plaintiff and state:

1. Plaintiff's Complaint alleges that Borders discriminated against him on the basis of his race at its bookstore on 14th Street, N.W., in Washington, D.C., and caused him injuries. He sets forth two counts: the first alleges a violation of 42 U.S.C. §1981, and the second alleges a state law claim for negligent supervision.

2. The Plaintiff's Complaint should be dismissed in its entirety.

A. The Plaintiff's §1981 count fails to state a claim because the facts as pled do not and cannot establish that Plaintiff was denied the right to make and/or enforce a contract (i.e. purchase a book) while in Borders. He does not allege that he proffered payment, asked to make a purchase, or was refused service or the right to make a payment. Such a specific effort to make a purchase is necessarily to state a claim under §

1981. See, Bray v. RHT, Inc., 748 F. Supp. 3, 5 (D.D.C. 1990); Jackson v. Tyler's Dad's Place, 850 F. Supp. 53, 55 (D.D.C. 1994) (quoting Bray); Morris v. Office Max, 89 F.3d 411, 414-15 (7th Cir. 1996). In addition, Plaintiff fails to allege facts supporting the necessary element of intentional discrimination under §1981. Indeed, a plaintiff "must do more than simply 'invoke [his] race in the course of a claim's narrative [to] automatically be entitled to pursue relief'." 850 F. Supp. 53, 55 (D.D.C. 1994). On its face, Plaintiff's Complaint fails to allege facts establishing intentional discrimination or the denial of a contract by Borders; accordingly, count one of Plaintiff's Complaint should be dismissed.

  B. The second count in Plaintiff's Complaint, for negligent supervision, should be dismissed as well. To prove a claim of negligent supervision, plaintiff must "'show that an employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee.'" Mitchell v. DCX, Inc., 274 F.Supp.2d 33, 51 (D.D.C. 2003) (quoting Giles v. Shell Oil Corp., 487 A,2d 610, 613 (D.C. 1985)). Both elements - prior knowledge and a failure to act on same- are required.

  In the case under review, Plaintiff's Complaint does not allege either of the required elements, nor does it assert facts from which a reviewer can reasonably infer that Borders possessed a duty which it breached. Assuming, *arguendo*, that Borders had a duty to act in a certain manner regarding the supervision of the two employees named in his Complaint, Plaintiff does not and cannot allege that any breach of said duty was the proximate cause of Plaintiff's alleged injuries. Therefore, count two of Plaintiff's Complaint should also be dismissed.

If this Honorable Court is so inclined as to dismiss the federal question count asserted in count one and allow the negligent supervision claim, this Court should decline to exercise supplemental jurisdiction over the state law claim. See generally, United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (court should dismiss any supplemental state law claims when federal claims are dismissed before trial). See also, Griffin v. Acacia Life Ins. Co., 151 F. Supp.2d 78, 81 (D.D.C. 2001).

These arguments are presented more fully in the accompanying Memorandum of Law in Support of Defendants' Motion to Dismiss, which is attached hereto and incorporated herein by reference.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice, with costs assessed against Plaintiff.

Respectfully submitted,

_____/s/_____
Robert L. Wilkins (429065)
Venable LLP
575 7th Street, NW
Washington, D.C. 20004
202-344-4058

*Attorney for Defendants*

Of counsel:
Craig A. Thompson
Venable LLP
575 7th Street, NW
Washington, D.C. 20004

202-344-4815

BA2DOCS1-#315094-v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Ronald Newman, | * | |
| Plaintiff | * | |
| v. | * | CASE #: 1:07-cv-00492-RWR |
| Borders, Inc., et al., | * | |
| Defendants | * | |

\*    \*    \*    \*    \*    \*

### Memorandum of Law in Support of Defendants Borders, Inc. and Borders Group, Inc's Motion to Dismiss Plaintiff's Complaint

Borders, Inc. and Borders Group, Inc. (hereinafter "Borders" or "Defendants") hereby submit this Memorandum of Law in Support of Their Motion to Dismiss, and state as follows.

#### I.    Summary of facts as set forth in Plaintiff's Complaint

This lawsuit arises out of a visit Plaintiff made to a Borders bookstore in or around December 2005, in which Plaintiff was briefly questioned by a security employee about suspected concealment of Borders merchandise. It was determined that Plaintiff was not in possession of concealed store merchandise, and no further action was taken by Borders.

Plaintiff's Complaint alleges that he entered the Borders store to buy a book (Complaint, at ¶ 10), was approached by a woman who blocked his path (¶ 15) and who turned out to be a Borders security guard (¶¶ 15, 18), and who accused him of carrying concealed Borders merchandise (¶¶ 16, 17). Plaintiff did not have any Borders

BA2DOCS1/314900

merchandise in the bag he was carrying (¶19). Plaintiff alleges that the security guard and her supervisor refused to acknowledge that an error had been made, or to apologize for it (¶22). Plaintiff called the police to confirm his innocence (¶23), and, because he "did not feel free to leave" (¶24), he waited in the store. Plaintiff concluded that it was "imperative that he be cleared by a person of authority" (¶28) and voluntarily remained in the store for approximately an hour after he was approached by the security guard (¶30). When the store was closing, he was asked to leave (¶29).

Plaintiff alleges that during the approximately one hour between the time he was approached by the security guard and the time the store closed, he was "never permitted…to resume his normal activities in the store" and that Borders "thereby prevented [him] from purchasing the book…." (¶30). However, he fails to state with any reasonable level of specificity that any Borders' employees prohibited him from resuming said activities, or actually prevented him from purchasing any book or other item. To the contrary, he states that he and his friend proceeded up the escalator to the main floor of the store and simply waited in the foyer area for the police officer that he called on Borders' customer service telephone line (¶29).

Plaintiff also alleges conclusorily that the security guard "acted contrary to store policy" for suspected shoplifting (¶31) and that the supervisor also violated company policy. Id.

Plaintiff alleges that he is African American, and that Borders engaged in racial profiling (¶¶ 10, 27). He also alleges, in a perfunctory and conclusory manner, that Borders held a stereotyped belief that African Americans were more likely to engage in shoplifting, and that Borders' conduct was racially motivated (¶34). However, he asserts

2

no facts to support this claim. Also, he does not allege any disparate treatment of African Americans as compared to members of other racial groups.

Plaintiff alleges, without reference to any specific facts or dollar amounts, that he suffered economic loss and was humiliated and embarrassed (¶37). Plaintiff seeks injunctive and monetary relief, including compensatory and punitive damages (in amounts which are not described) and attorneys' fees (¶44).

## II. Standard applicable to Rule 12(b)(6) motion

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint." DePippo v. Chertoff, 453 F.Supp.2d 30, 32 (D.D.C. 2006) (citing Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002)). In evaluating a Rule 12(b)(6) motion, "the court must treat the complaint's factual allegations…as true and draw all reasonable inferences therefrom in the plaintiff's favor." Id. at 33 (citing Macharia v. United States, 334 F.3d 61, 64 (D.C. Cir. 2003)). See also, Prince v. Rice, 453 F. Supp.2d 14, 20-21 (D.D.C. 2006). If the court concludes that plaintiff cannot demonstrate any set of facts "entitling the plaintiff to relief," then the motion should be granted. Hoyte v. American Nat'l Red Cross, 439 F.Supp.2d 38, 41 (D.D.C. 2006).

As set forth more fully below, Plaintiff fails to allege or demonstrate through inference that he attempted to tender payment for a proposed purchase, did not indicate that he offered to make a contract with Borders, and does not assert that he was denied the right to contract and purchase a book by Borders because of intentionally discriminatory conduct. Accordingly, count one of his Complaint must be dismissed for failure to state a claim. The Court should also dismiss the second count for negligent

supervision, or, alternatively, decline to exercise supplemental jurisdiction over this claim, which is alleged without any facts or information to support it.

### III. Plaintiff's causes of action fail to state a claim and must be dismissed

#### A. The §1981 claim fails as a matter of law

Plaintiff's first cause of action alleges a violation of 42 U.S.C. §1981 of the Civil Rights Act of 1866, which prohibits racial discrimination in the making and enforcing of private contracts. See generally, Patterson v. McLean Credit Union, 491 U.S. 164 (1989).

Section 1981 provides that "[a]ll persons...shall have the same right...to make and enforce contracts...as is enjoyed by white citizens...." Sub-section (b) specifically defines the term "make and enforce contracts" as meaning "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

It is well settled that "to establish a claim under § 1981, a plaintiff must show that (1) [he or she is a member] of a racial minority [group]; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." Mitchell v. DCX, Inc., 274 F.Supp.2d 33, 44-45 (D.D.C. 2003) (quoting Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996)). Accord, Hampton v. Dillard Dept. Stores, Inc., 247 F.3d 1091, 1102 (10th Cir. 2001). Proof of an intent to discriminate is indisputably required. Mitchell, 274 F.Supp.2d at 45. Here, Plaintiff fails to establish the second and third elements required to state a violation of § 1981.

In cases where a plaintiff asserts that race discrimination or false accusations of shoplifting barred him from making a purchase, the courts rejected a § 1981 claim where the plaintiff fails to show that he had actually sought to make a purchase and had been rebuffed or prevented from doing so. See generally, Phelps v. Wichita Eagle-Bacon, 866 F.2d 1262, 1267 (10th Cir. 1989), which held that "a § 1981 claim for interference with the right to make and enforce a contract must involve the actual loss of a contract interest, not the possible loss of future contract opportunities." (emphasis added). Therefore, a claim for violation of §1981 requires that the plaintiff must allege that he actually sought to make a purchase (i.e., made an "offer" in the contract sense) and was prevented from making the purchase because of his race. Bray v. RHT, Inc., 748 F. Supp. 3, 5 (D.D.C. 1990). In addition, the plaintiff "must allege some facts that demonstrate that his race was the reason for defendant's action." Id. Indeed, a plaintiff "must do more than simply 'invoke [his] race in the course of a claim's narrative [to] automatically be entitled to pursue relief'." Jackson v. Tyler's Dad's Place, 850 F. Supp. 53, 55 (D.D.C. 1994) (quoting Bray).

In Morris v. Office Max, 89 F.3d 411 (7th Cir. 1996), a case strikingly similar to the present case, plaintiffs, both black males, were shopping, and were approached in the store by police officers who received a call from a store employee who had concluded that they were acting "suspiciously." The officers determined that the plaintiffs had not improperly withheld Office Max merchandise and left the store without further incident or contact with the plaintiffs. Plaintiffs filed a claim under § 1981, alleging that the store intentionally discriminated against them because of their race. The court held that plaintiffs "cannot point to specific facts showing that Office Max deprived them of any of

the enumerated rights in § 1981 and, specifically, the right to make and enforce a contract." Id., at 414.  Plaintiffs were not refused admittance or service.  Office Max did not refuse to sell items to them.  The court concluded that "because they [the plaintiffs] did not attempt to make any further purchases, [plaintiffs] never sought to enter into a contractual relationship with Office Max.....While the incident...was unfortunate and undoubtedly disconcerting and humiliating, it does not constitute a violation of the statutes." Id., 414-15.

Other authority is consistent and requires dismissal of Plaintiff's § 1981 claim. In Bagley v. Ameritech Corp., 220 F.3d 518 (7th Cir. 2000), the plaintiff alleged that the defendant store, which sold telephones, refused to contract with him because of his race. The court rejected plaintiff's claim, noting that plaintiff left the store without specifically trying to make a purchase. The plaintiff left without attempting to consummate the transaction, and cut off his exchange - and thus the opportunity to buy the phone - by leaving the store.  Therefore, he failed to state a claim under § 1981. Id., at 521-22. Where a plaintiff opts to leave without making a purchase or attempting to complete a retail transaction – even in the face of perceived racial animus - and the store did not refuse to make a sale, no violation of § 1981 exists. Id. Clearly, in this case, Plaintiff's decisions to call the police from the Borders' customer service desk (Complaint, at ¶23), remain in the store for the police to arrive (¶28), walk to alternate areas of the store (¶29), stand on the main floor of the store for "approximately twenty minutes[1]" (¶29) and wait at the store for "approximately one hour" from the time of his interaction with the security guard until the store closed (¶30) demonstrate that it was *his* decision to

---

[1] Parenthetically, it should be noted that the cash registers for purchasing items at the store are on the main floor of the store.  Mr. Newman was approached by Ms. White, who is also African American, on the lower level of the store.

terminate any further attempts to contract with Borders on that evening. In the retail context, courts have held that § 1981 plaintiffs are required to demonstrate that they actively sought to enter into a contract with the retailer. Williams v. Staples, Inc., 372 F.3d 662, 667-68 (4th Cir. 2004). In other words, there must have been some "tangible attempt to contract." Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 753 (5th Cir. 2001).

In the present case, Plaintiff has not alleged, and cannot allege, that he took a book or other desired item to the cash register and was not permitted to make a purchase. He does not allege, and cannot allege, that he was asked to leave the store or that he was refused further admittance to the store. In fact, his own allegations directly show that the opposite happened: he did not take his proposed purchase to the cash register, but rather called the police and waited for them to arrive (Complaint, at ¶23). He waited in the store for the better part of an hour, moving freely to another area (¶29), and was only asked to leave the store when it was closing (id.). Furthermore, he does not allege any legally cognizable and redressable facts that establish intentional racial discrimination was the motivation behind the actions taken by Borders' employees, which is also fatal to his § 1981 claim.

The clear and unambiguous purpose of §1981 is to assure that all persons, regardless of race, are permitted to make purchases and enter into contracts. In this case, the essential elements of a §1981 claim have simply not been pled in Plaintiff's Complaint, and no reasonable inferences establishing a § 1981 claim can be drawn from the facts as asserted by Plaintiff. Mr. Newman's Complaint does not fall within the ambit

of §1981, and it fails to state a claim under that statute. Consequently, Plaintiff's § 1981 claim must be dismissed.

**B. Negligent supervision claim also fails to state a claim against Borders and must be dismissed**

Plaintiff's second cause of action alleges that Borders negligently failed to supervise the security guard and her supervisor. (Complaint, at ¶ 43).

The District of Columbia recognizes a cause of action for negligence in the supervision (or training or management) of employees under limited and specific circumstances. See, e.g., Parker v. Grand Hyatt Hotel, 124 F.Supp.2d 79, 89 (D.D.C. 2000). To prove a claim of negligent supervision, plaintiff must "'show that an employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee.'" Mitchell, 274 F.Supp.2d 33, 51 (D.D.C. 2003) (quoting Giles v. Shell Oil Corp., 487 A,2d 610, 613 (D.C. 1985)). Both elements - prior knowledge and a failure to act on same - are required.

In the case under review, Plaintiff's Complaint does not and cannot allege either of the required elements. In a very general and unspecific manner, Plaintiff asserts that Borders failed to properly supervise Ms. White and Ms. Spurlock. There are no allegations that Borders knew or should have known that the security guard, Ms. White, had ever acted in an incompetent, inappropriate or racially discriminatory fashion prior to the alleged incident, and there are no allegations that Ms. White was improperly supervised or trained by Borders prior to or during the occurrence involving Plaintiff. Similarly, there are no allegations of fact that the store supervisor, Ms. Spurlock, was known by Borders to be incompetent, and there is no allegation that Borders failed to act

8

on that knowledge in the way of supervision. Importantly, Plaintiff does not allege, and cannot allege, that any failure to properly supervise or train either Ms. White or Ms. Spurlock was the proximate cause of his alleged injuries. Indeed, an acceptance of Plaintiff's conclusory allegations against Borders would render any retail establishment liable - under a theory of negligent supervision - for any and all mistakes and/or suspected policy violations made by its employees.

Plaintiff's Complaint fails to state a claim for negligent supervision. Accordingly, this claim should also be dismissed.

### C. Supplemental jurisdiction.

Plaintiff's asserted basis for federal jurisdiction of this lawsuit is federal question under 42 U.S.C. § 1981, the claim asserted in the first count. In the event that the Court grants Defendants' Motion to Dismiss as to count one and allows count two to remain, the Court should not retain jurisdiction over the second count, which is a common law claim asserted under the laws of the District of Columbia.[2]

It is well established that a court "may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); See also, United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (court should dismiss supplemental state law claims when federal claims are dismissed before trial) See also, Griffin v. Acacia Life Ins. Co., 151 F. Supp.2d 78, 81 (D.D.C. 2001) Accord, Robinson v. District of Columbia, 403 F. Supp.2d 39, 57 (D.D.C. 2005). If this Honorable Court is inclined to grant Defendants' Motion as to Plaintiff's

---

[2] Plaintiff does not assert diversity of citizenship as a basis for federal jurisdiction, and does not allege an amount in controversy. Accordingly, the only basis for jurisdiction before the Court is the asserted federal question basis.

first count but not the second, Defendants respectfully request that it decline to further exercise jurisdiction over count two of Plaintiff's Complaint.

## IV. **Conclusion**

For the foregoing reasons, Defendants respectfully request that the Complaint of Plaintiff be dismissed with prejudice, with costs assessed against Plaintiff.

Respectfully submitted,

_____/s/_____
Robert L. Wilkins (Bar No. 429065)
Venable, LLP
575 7th Street, NW
Washington, D.C. 20004
202-344-4058

*Attorneys for Defendants*

Of counsel:
Craig A. Thompson
Venable, LLP
575 7th Street, NW
Washington, D.C. 20004
202-344-4815

## Certificate of Service

I HEREBY CERTIFY that on this 9th day of April 2007, copies of the foregoing Motion to Dismiss Plaintiff's Complaint, Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint and Proposed Order were served on the following counsel by electronic filing and first class mail, postage prepaid:

John P. Relman
Glenn Schlactus
Relman & Dane PLLC
1225 19th Street, N.W.
Suite 600
Washington, D C 20036

*Attorneys for Plaintiff*

                                                                               /s/
                                                        Robert L. Wilkins

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Ronald Newman,** | * | |
| **Plaintiff** | * | |
| Vs. | * | CASE #: 1:07-cv-00492-RWR |
| **Borders, Inc., et al.,** | * | |
| **Defendants** | * | |

\*         \*         \*         \*         \*         \*

## ORDER

Upon due consideration of Defendants Borders, Inc. and Borders Group, Inc.'s Motion to Dismiss Plaintiff's Complaint, Plaintiff's response, if any, thereto and any hearing on the matter, it is this _____ day of _____ hereby

**ORDERED** that Defendants Borders, Inc. and Borders Group, Inc.'s Motion to Dismiss Plaintiff's Complaint is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

_____
Judge
United States District Court for the
District of Columbia

BA2DOCS1/314900