UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
RONALD NEWMAN,                  )
                                )
          Plaintiff,            )
                                )
          v.                    )      Civil Action No. 07-492 (RWR)
                                )
BORDERS, INC. et al.,           )
                                )
          Defendants.           )
_____)

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronald Newman has sued Borders, Inc. and Borders Group, Inc. (collectively "Borders"), alleging that while he was shopping in a Borders bookstore, racially discriminatory actions by Borders employees deprived him of his right to make a contract in violation of 42 U.S.C. § 1981. He also brings a common law claim against Borders for negligent supervision of its employees. Borders has filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Because Newman has pled facts sufficient to state a valid § 1981 claim but has not presented allegations sufficient to support a negligent supervision claim, the motion to dismiss will be granted in part and denied in part.

### BACKGROUND

According to the allegations in the complaint, Newman, an African-American man, entered Borders bookstore with a male African-American friend, to find a gift for Newman's nephew.

-2-

Both men were dressed in casual clothes and Newman was carrying a shopping bag from another store, Urban Outfitters.  Newman selected a children's book off the shelf for his nephew and proceeded toward the cash register when he was confronted by security guard Darlene White.  White told Newman that she saw him place merchandise in his Urban Outfitters bag and asked to see what was inside.  She stated that she had been watching him since he entered the store and that his actions were on a security videotape.  White also accused Newman of shoplifting and blocked his path to the register.  Newman asked to see the store manager and was escorted to the customer service desk.  There, he emptied his bag -- which did not contain any Borders merchandise -- and told the store manager, Pat Spurlock, that he wanted to see the security videotape.  Spurlock and White whispered to each other and walked away without answering a question Newman asked about the store's policy on calling the police.  While waiting for Spurlock to return, Newman called the police to assist in clearing him of the shoplifting accusations.

Upon her return, Spurlock said that she could not show Newman the videotape and left without saying whether or not Newman was cleared of the accusations.  Newman and his friend decided to go back to the main floor of the store to wait for the police to arrive because Newman thought it was imperative that he be cleared by a person of authority.  After waiting twenty

-3-

minutes, Spurlock told the men that the store was closing and
they had to leave.  Newman left the store without making a
purchase.

Newman argues that he was inappropriately profiled and
targeted for surveillance based on his race.  He contends that
the hostile and discriminatory treatment he received prevented
him from making a purchase at the store.  Borders argues that
Newman has not alleged facts sufficient to suggest that he was
the target of intentional race discrimination, and that he has
not alleged that he actually attempted to make a purchase and was
refused service or that Borders denied him any other contractual
relationship.

DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) authorizes
dismissal of a complaint for failure to state a claim upon which
relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  A court
considering a Rule 12(b)(6) motion to dismiss assumes all factual
to be true, even if they are doubtful.  Bell Atl. Corp. v.
Twombly, 127 S. Ct. 1955, 1965 (2007); Kowal v. MCI Communc'ns
Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (noting that a court
must construe the complaint "liberally in the plaintiffs' favor"
and "grant plaintiffs the benefit of all inferences that can be
derived from the facts alleged").  A court need not, however,
"accept inferences drawn by plaintiffs if such inferences are

-4-

unsupported by the facts set out in the complaint.  Nor must [a] court accept legal conclusions cast in the form of factual allegations." <u>Kowal</u>, 16 F.3d at 1276.

The notice pleading requirement, governed by Federal Rule of Civil Procedure 8(a), does not require the plaintiff to plead a prima facie case.  See <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 511 (2002).  Rule 8(a) simply requires "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111, 1114 (D.C. Cir. 2000) (internal quotation marks omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Twombly</u>, 127 S. Ct. at 1964-65 (internal citations and quotations omitted) (alteration in original).  "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true . . . ." <u>Id.</u> at 1965 (citations and footnote omitted).

I.   SECTION 1981 CLAIM

Section 1981 of Title 42 of the United States Code protects the right to make and enforce a contract free of racial

-5-

discrimination.[1]  To "make and enforce contracts" is defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981(b).  To establish a claim under § 1981, a plaintiff ordinarily must show that (1) he or she is a member of a racial minority group;[2] (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute.  Mitchell v. DCX, Inc., 274 F. Supp. 2d 33, 44-45 (D.D.C. 2003) (citing Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996)).  The relevant activity enumerated in § 1981 is the making and enforcing of a contract.  See 42 U.S.C. § 1981.

It is uncontested that Newman has pled sufficient facts to support the first element of a § 1981 claim because he has stated that he is African-American.  Newman has also pled facts to support an inference of discriminatory conduct.  In his

---

[1]  "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."  42 U.S.C. § 1981(a) (2000).

[2]  But see Johnson v. Lewis, Civil Action No. 06-22 (RWR), 2006 WL 2687017, at *3 (D.D.C. Sept. 19, 2006) (stating that a § 1981 plaintiff need not be a person of color).

-6-

complaint, Newman described the facts leading up to the alleged
discriminatory treatment and asserted that white customers in the
store were not subjected to the same treatment.  This provides a
sufficient basis to put the defendant on notice of the nature of
the allegations.  Cf. Gregory v. Dillard's, Inc., 494 F.3d 694,
704 (8th Cir. 2007) (explaining that discriminatory intent may be
evidenced by a showing that "similarly situated white shoppers
were treated differently than black shoppers"); see also
Swierkiewicz, 534 U.S. at 514 (explaining that plaintiff had met
the pleading standard by alleging that his termination was on
account of his national origin and describing the events that led
to the termination); Sparrow, 216 F.3d at 1115 (explaining that
an allegation in the complaint that "I was turned down for a job
because of my race" is sufficient to survive a 12(b)(6) motion in
an employment discrimination case) (citing Bennett v. Schmidt,
153 F.3d 516, 518 (7th Cir. 1998)).

     The final inquiry is whether Newman has pled facts alleging
that he had a contractual interest that was affected by the
alleged discrimination.  Although mere presence at a store is not
sufficient to allege that a contractual interest existed, the
protections of § 1981 are triggered once a customer has made some
tangible attempt to contract by selecting particular items
offered by the retailer.  See Gregory, 494 F.3d at 704.  The fact
that a plaintiff has not been asked to physically leave the store

-7-

is not dispositive. It is sufficient for a plaintiff to allege
he was thwarted in his attempt to make a purchase and close a
contract. See id. at 706. Newman has sufficiently alleged a
contractual interest by alleging that he selected a specific book
from the shelf and walked toward the cash register with the
intent to purchase it. He has also sufficiently alleged
interference with his contractual interest by alleging that the
actions of White in blocking his path to the register and
accusing him of shoplifting prevented him from making his
purchase. Although Newman was not specifically told that he
would be denied service or asked to leave the store when first
confronted by White, he has pled sufficient facts to indicate
that but for the treatment he received from the Borders
employees, he would have executed a contract with Borders.
Compare Morris v. Office Max, Inc., 89 F.3d at 414 (holding that
by merely browsing at time stamps on a shelf, plaintiffs "failed
to demonstrate that they would have attempted to purchase the
time stamps even if they had not been approached by the police")
with Christian v. Wal-Mart Stores, Inc., 252 F.3d 862, 874 (6th
Cir. 2001) (finding a contractual interest to exist when
plaintiff selected merchandise to purchase and placed it in her
cart), and Gregory, 494 F.3d at 707 (explaining that plaintiffs
had made a tangible attempt to contract by holding specific
merchandise in their hands with the intent to purchase). Because

-8-

Newman has pled sufficient facts to support a claim under § 1981,
Borders' motion to dismiss for failure to state a claim as to
Count I will be denied.

II.  COMMON LAW NEGLIGENT SUPERVISION CLAIM

The cause of action for negligent supervision recognizes
that an employer owes specific duties to third persons based on
the conduct of its employees.  Griffin v. Acacia Life Ins. Co.,
925 A.2d 564, 575 (D.C. 2007).  One dealing with the public has a
duty to use reasonable care to select, retain and supervise
employees such that they are competent and fit for the work
assigned to them.  Id.  If an employer breaches this duty and an
employee injures a third party, the employer may be liable.
Adams v. Vertex, Inc., Civil Action No. 04-01026 (HHK), 2007 WL
1020788, at *3 (D.D.C. Mar. 29, 2007).

A common law claim of negligent supervision may be
predicated only on common law causes of action or duties
otherwise imposed by the common law.  Griffin, 925 A.2d at 576.
A claim of negligent supervision "requires a breach by the
employer of a duty owed to the plaintiff, and that this duty must
be one imposed by the common law and not by statute."  Id. at 576
n.32.  A common law tort which may be grounds for a statutory
claim can support a claim of negligent supervision so long as the
common law tort is alleged along with the statutory claim.  Id.
at 577 (dismissing the common law negligent supervision claim and

-9-

explaining that although the claim could lie in a statutory sexual harassment case "if supported by a viable claim of independent tortious conduct as recognized at common law," no evidence of an independent common law tort was proffered).

In his complaint, Newman alleged that both White and Spurlock are employees of Borders and that Borders "knew or should have known that they behaved in a dangerous or otherwise incompetent manner and nonetheless failed to adequately supervise them." (Compl. ¶ 43.) Although Newman has pled sufficient facts to put Borders on notice of the nature of his negligent supervision allegation, he has not pled an underlying common law tort upon which a claim of negligent supervision may be based. Thus, Newman's common law claim of negligent supervision will be dismissed.

<u>CONCLUSION AND ORDER</u>

Because Newman has pled sufficient facts to put Borders on fair notice of the nature of his § 1981 claim, and the grounds upon which it rests, that claim will not be dismissed. However, because Newman has not alleged a common law tort upon which a common law negligent supervision claim may rest, his negligent supervision claim will be dismissed. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss for failure to state a claim will be GRANTED in part and DENIED in part. It is

-10-

granted as to the common law negligent supervision claim and
denied as to the statutory claim brought under 42 U.S.C. § 1981.

SIGNED this 22nd day of January, 2008.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge