## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Ronald Newman** | * | |
| Plaintiff, | * | |
| v. | * | CASE #: 1:07-cv-00492-RWR |
| **Borders, Inc., et al.,** | * | |
| Defendants. | * | |

\*       \*       \*       \*       \*       \*       \*

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Borders, Inc. and Borders Group, Inc. (hereinafter "Borders" or "Defendants"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 8 and 12, states and alleges as follows for their answer to the Complaint of Plaintiff Ronald Newman:

### NATURE OF ACTION

1.      Upon information and belief, Borders admits that Plaintiff is African-American. Borders is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the first sentence of Paragraph 1, and therefore must deny the same. Borders further admits that Defendant Borders, Inc. operates a store at 600 14th Street, N.W., Washington D.C. Additionally, Borders admits that Defendant Borders, Inc. is a subsidiary of Defendant Borders Group, Inc. Except as expressly stated herein, Borders denies the remaining allegations of Paragraph 1, and specifically denies that it has engaged in racially discriminatory actions.

2.  Borders denies each and every allegation of Paragraph 2, except Borders admits that Plaintiff was asked to leave the store due to the store being closed.

3.  The allegations of Paragraph 3 are conclusions of law to which no response is required. To the extent a response is required, Borders denies any factual allegations contained in Paragraph 3.

4.  Borders denies each and every allegation of Paragraph 4.

## PARTIES

5.  Upon information and belief, Borders admits that Plaintiff is African-American. Borders is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 5, and therefore must deny the same.

6.  Borders, Inc. is a Colorado corporation, and therefore denies that it is a Michigan corporation. Borders admits that it operates stores in the District of Columbia and surrounding Washington, D.C. metropolitan area. Borders denies that it maintains discriminatory policies and practices complained of in Plaintiff's Complaint.

7.  Borders Group, Inc. admits that it is a Michigan corporation. Borders admits the allegations of Paragraph 7, except Borders denies that Defendant Borders Group, Inc. exercises direct control over Borders, Inc. such that their relationship is one of principal and agent. Additionally, Borders denies that Defendant Borders Group, Inc. as the principal owner of Defendant Borders, Inc. is liable for any discriminatory policies and practices complained of in Plaintiff's Complaint.

## JURISDICTION AND VENUE

8. The allegations of Paragraph 8 are conclusions of law to which no response is required. To the extent a response is required, Borders denies any factual allegations contained in Paragraph 8.

9. The allegations of Paragraph 9 are conclusions of law to which no response is required. To the extent a response is required, Borders denies any factual allegations contained in Paragraph 9.

## FACTUAL BACKGROUND

10. Upon information and belief, Borders admits that Plaintiff and a friend went to Borders. Borders is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 10, and therefore must deny the same.

11. Borders denies that there was nothing unusual about how Plaintiff acted. Borders is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 11, and therefore must deny the same.

12. Upon information and belief, Borders admits that Plaintiff and his friend entered the store through its main entrance. Borders is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 12, and therefore must deny the same.

13. Borders denies each and every allegation of Paragraph 13.

14. Borders denies each and every allegation of Paragraph 14.

15. Borders is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15, and therefore must deny the same. Borders further denies that Darlene White deliberately blocked Plaintiff's path and physically prevented Plaintiff from continuing upstairs in the store. Additionally, Borders denies that Ms. White failed to identify herself and initiated a confrontation with Plaintiff.

16. Upon information and belief, Borders admits that Darlene White advised Plaintiff that she had observed him place an item in his bag. Borders denies the remaining allegations of Paragraph 16.

17. Borders denies each and every allegation of Paragraph 17.

18. Borders denies that Ms. White failed to identify herself. Borders admits that Ms. White identified herself as a Borders employee. Borders further admits that two Borders employees confirmed the identity of Ms. White. Except as expressly stated herein, Borders denies the remaining allegations of Paragraph 18.

19. Borders denies that Ms. White initiated a confrontation with Plaintiff, and further denies that Ms. White targeted Plaintiff when he entered the store, or any time thereafter. Additionally, Borders denies that Ms. White made any admissions regarding her observations of Plaintiff, or that Plaintiff was accused of stealing because of his race. Borders is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 19, and therefore must deny the same.

20. Borders denies that Plaintiff was not free to leave the store. Borders is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 20, and therefore must deny the same.

21. Borders is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21, and therefore must deny the same. Borders further denies that Ms. White continued to insist that Plaintiff was a criminal.

22. Borders is without knowledge or information sufficient to form a belief as to Plaintiff's state of mind, and therefore must deny the same. Borders denies the remaining allegations of Paragraph 22.

23. Borders is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's state of mind for calling the police, or what the police might have said to him, and therefore must deny the same. Borders denies the remaining allegations of Paragraph 23.

24. Borders denies each and every allegation of Paragraph 24.

25. Upon information and belief, Borders admits that Ms. Spurlock returned by herself. Borders denies the remaining allegations of Paragraph 25.

26. Borders denies each and every allegation of Paragraph 26.

27. Upon information and belief, Borders admits that Plaintiff told Ms. Spurlock that he believed he was the victim of racial profiling. Borders denies the remaining allegations of Paragraph 27.

28. Borders is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff and Mr. Walker's decision to wait for the police, and therefore must deny the same. Borders denies the remaining allegations of Paragraph 28.

29. Upon information and belief, Borders admits that Plaintiff and Mr. Walker remained in the main part of the store after proceeding up the escalator. Upon

information and belief, Borders further admits that Ms. Spurlock asked Plaintiff and Mr. Walker to leave the store because it was closing. Borders denies that Plaintiff and Mr. Walker were instructed to leave the store against their will. Except as expressly stated herein, Borders denies the remaining allegations of Paragraph 29.

30. Borders denies each and every allegation of Paragraph 30.

31. Borders denies each and every allegation of Paragraph 31.

32. Borders is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 32, and therefore must deny the same.

33. Borders is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's desire to shop at Borders in the future, and therefore must deny the same. Borders further denies any inference that it or any of its employees engage in discriminatory treatment of its customers.

## DISCRIMINATORY POLICIES

34. Borders denies each and every allegation of Paragraph 34.

35. Borders denies each and every allegation of Paragraph 35.

36. Borders denies each and every allegation of Paragraph 36.

## INJURY TO PLAINTIFF

37. Borders is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37, and therefore must deny the same. Borders further denies that it maintains or engages in discriminatory policies and practices.

38. Borders is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 38, and therefore must deny the same. Borders further denies that it or any of its employees engage in any discriminatory actions.

39. Borders is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 39, and therefore must deny the same. Borders further denies that it or any of its employees subjected Plaintiff to any humiliating accusations or treatment.

## **COUNT I**
**(Violation of 42 U.S.C. § 1981)**

40. Borders hereby incorporates by reference its responses to Paragraphs 1 through 39 of Plaintiff's Complaint.

41. The allegations of Paragraph 41 are conclusions of law to which no response is required. To the extent a response is required, Borders denies any factual allegations contained in Paragraph 41.

## **COUNT II**
**(Negligent Supervision)**

Borders hereby incorporates by reference its responses to Paragraphs 1 through 41 of Plaintiff's Complaint.

42-43. Pursuant to the Court's January 22, 2008 Memorandum Opinion and Order, Count II (Negligent Supervision) of Plaintiff's Complaint was dismissed, and thus, no response is required.

7

## PRAYER FOR RELIEF

44.Borders denies that Plaintiff is entitled to any of the relief requested in his Prayer for Relief.

Any allegation not specifically admitted herein should be deemed denied.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Borders in this matter. Borders reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, Borders states as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by a failure to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and statutory and regulatory compliance.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of contributory negligence.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of risk.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are not actionable, in whole or in part, because Borders was privileged to do (and acted rightfully and with justifiable cause in doing) what it did.

**EIGHTH AFFIRMATIVE DEFENSE**

Borders' actions were done in good faith, without malice and without intent such that the relief sought (including but not limited to punitive damages) is not available.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are not actionable, in whole or in part, because the actions of Borders challenged therein are justified by legitimate, non-discriminatory and non-pretextual business reasons and were based upon reasonable factors other than Plaintiff's race.

WHEREFORE, Borders respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Borders its costs and reasonable attorneys' fees incurred in this lawsuit, and allow Borders such other and further relief as this Court deems just and proper.

Respectfully submitted,

  /s/
Craig A. Thompson (Bar No. 500168)
Robert L. Wilkins (Bar No. 429065)
Venable, LLP
575 7th Street, NW
Washington, D.C. 20004
202-344-4058
*Attorneys for Defendants*

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of January, 2008, a copy of Defendants' Answer to Plaintiff's Complaint was served on the following counsel by electronic filing:

>John P. Relman
>Glen Schlactus
>Relman & Dane PLLC
>1225 19th Street, N.W.
>Suite 600
>Washington, DC  20036
>
>*Attorneys for Plaintiff*

>/s/
>Craig A. Thompson