IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD NEWMAN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:07-cv-0492 RWR |
| BORDERS, INC. | ) |
| and | ) |
| BORDERS GROUP, INC., | ) |
| Defendants. | ) |

**JOINT RULE 16.3 STATEMENT**

Pursuant to this Court's Order For Initial Scheduling Conference (Docket No. 13) (Feb. 19, 2008), Fed. R. Civ. P. 26(f), and LCvR 16.3, counsel for all parties met telephonically on February 22, 2008, and conferred with respect to the matters required by the foregoing authorities. In attendance on behalf of Plaintiff Ronald Newman were John P. Relman and Glenn Schlactus of Relman & Dane, PLLC. In attendance on behalf of Defendants Borders, Inc. and Borders Group, Inc. were Robert L. Wilkins and Craig A. Thompson of Venable, LLP. The parties jointly submit this report setting forth their positions on the matters discussed in the conference.

A. **Proposed Schedule**

The parties jointly propose the following schedule:

| | |
|---|---|
| Initial Disclosures | June 5, 2008 (45 days from Scheduling Conference[1]) |
| Deadline for Post-Rule 26(a) Discovery Requests | August 19, 2008 (30 days prior to close of discovery |
| Deadline for Amending Pleadings or Joining Other Parties | July 7, 2008 (77 days from Scheduling Conference) |
| Proponent's R. 26(a)(2) Statements | July 21, 2008 (91 days from Scheduling Conference) |
| Opponent's R. 26(a)(2) Statements | August 19, 2008 (120 days from Scheduling Conference) |
| Deadline for Depositions of Expert Witnesses | September 18, 2008 (150 days from Scheduling Conference) |
| All Discovery Closed | September 18, 2008 (150 days from Scheduling Conference) |
| Dispositive Motions Due | October 16, 2008 (4 weeks from close of discovery |
| Oppositions to Dispositive Motions Due | November 6, 2008 (7 weeks from close of discovery) |
| Replies In Support of Dispositive Motions Due | November 20, 2008 (9 weeks from close of discovery)[2] |
| Pretrial Conference | to be determined by the Court |
| Trial | to be determined by the Court |

---

[1] The Scheduling Conference is scheduled for April 21, 2008. *See* Order For Initial Scheduling Conference (March 28, 2008).

[2] Thanksgiving falls on November 27, 2008.

2

**B.**     **Matters Discussed By The Parties Pursuant to LCvR 16.3(c)**

**(1)**     **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

A dispositive motion filed by Defendants has already been decided.  *See* Mem. Op. & Order (Docket No. 11) (Jan. 22, 2008).  The parties do not anticipate that further dispositive motions will be filed until after the close of discovery.

**(2)**     **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

A proposed date is included in the proposed schedule above.  The parties do not believe that the factual or legal issues can be narrowed any further.

**(3)**     **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not believe that the case should be assigned to a magistrate judge for all purposes.

**(4)**     **Whether there is a realistic possibility of settling the case.**

The parties do not believe there is a realistic possibility of settling the case at this time.  Before the complaint was filed, the parties engaged the services of a private mediator from JAMS in an effort to reach a settlement.  The mediation was not successful.  The parties revisited the possibility of settlement during their Rule 26(f) conference but were again unsuccessful.

**(5)**     **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.  In assessing the above, counsel shall consider:**

   **(i)**     the client's goals in bringing or defending the litigation;

   **(ii)**    whether settlement talks have already occurred and, if so, why they did not produce an agreement;

   **(iii)**   the point during the litigation when ADR would be most appropriate, with special consideration given to:

      **(aa)**   whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

        **(bb)**    whether ADR should take place before or after the judicial resolution of key legal issues;

**(iv)** whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

**(v)** whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

The parties do not believe the case could benefit from the Court's ADR procedures at this time. As noted in response to item (B)(4) above, the parties have already engaged in a mediation in an attempt to reach a settlement, but were unsuccessful. The parties will inform the Court if, at a future point in the case, they believe that another attempt at ADR would be beneficial.

**(6)** **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

See the proposed schedule and item (B)(1) above.

**(7)** **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties do not stipulate to dispensing with initial disclosures or believe that their scope or form should be modified. The parties propose that initial disclosures be due by June 5, 2008, as indicated on the proposed schedule above. This date is 45 days from the Scheduling Conference, which is the mid-point between the 30 day and 60 day periods usually followed by the Court in standard and complex cases, respectively, as indicated in the Court's Order for Initial Scheduling Conference.

**(8)** **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

See proposed schedule above.

The parties agree that a limit of 25 interrogatories is appropriate.

The parties do not agree as to the maximum number of depositions that should be permitted. Plaintiff Ronald Newman proposes a maximum of ten because Plaintiff

believes there is a need to depose, at the least, four store employees who were involved in or witnessed the events at issue, other store employees who may be learned of through discovery who were involved in or witnessed the events at issue, both Defendants, one or more employees of Defendants who have knowledge of Borders' policies and procedures regarding security and suspected theft, and Borders' customers who may be learned of through discovery who witnessed the events at issue.  Defendants propose a maximum of five depositions because they believe there is no indication that any additional witnesses will be learned of through discovery.

Defendants believe that a protective order may be appropriate regarding certain sensitive commercial information.  Defendants and Plaintiff will attempt to agree to and jointly present to the Court an appropriate protective order sufficiently in advance of the first due date for discovery responses or initial disclosures such that the Court can timely address the issue.

**(9)** **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

See proposed schedule above.  The parties do not believe that the requirements should be modified.

**(10)** **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(11)** **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not believe that the proceedings should be bifurcated or managed in phases.

**(12)** **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

See proposed schedule above.

**(13)** **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that the court set a trial date after the resolution of post-discovery dispositive motions.

**(14)** **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None.

### C. Brief Statement of the Case

Plaintiff alleges that, while shopping at a Borders bookstore in Washington, D.C., he was falsely accused of theft and questioned by Borders personnel based on his race (African American). He alleges that Borders personnel then deprived him of the right to purchase a book that he had selected, and that white customers were not similarly deprived of this right.

Defendants deny that plaintiff was approached by any agent or employee of Borders because of his race. Further, defendants deny that plaintiff attempted to purchase a book, or that the actions of any agent or employee of Borders deprived him of any rights he possessed.

The parties also refer the Court to their respective summaries of the case contained in the background sections of Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 8) (May 4, 2007), Defendants' Memorandum of Law in Support of Borders, Inc. and Borders Group, Inc.'s Motion to Dismiss Plaintiff's Complaint (Docket No. 2) (Apr. 9, 2007) and Defendants' Memorandum of Law in Support of Their Reply to Plaintiff Ronald Newman's Memorandum of Points and Authorities in Opposition to Borders' Motion to Dismiss Plaintiff's Complaint (Docket No. 9) (May 16, 2007).

The statutory basis for Plaintiff's cause of action is 42 U.S.C. § 1981.

The statutory bases for Defendants' defenses are any local, state or federal statutes regarding privileges of shopkeepers or merchants.

Respectfully submitted,

/s/ Glenn Schlactus
John P. Relman (D.C. Bar No. 405500)
Glenn Schlactus (D.C. Bar No. 475950)
RELMAN & DANE PLLC
1225 19th Street, N.W.
Suite 600
Washington, D.C. 20036
(202) 728-1888 (o)
(202) 728-0848 (fax)

*Attorneys for Plaintiff*

/s/ Glenn Schlactus for Craig A. Thompson
Robert L. Wilkins (D.C. Bar No. 429065)
Craig A. Thompson (D.C. Bar No. 500168)
VENABLE, LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4058

*Attorneys for Defendants*

Dated: April 14, 2008